```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```

JOHN AND DOROTHY JACKSON,    :
                             :
    Plaintiffs,              :
                             :
vs.                          :    CIVIL ACTION 08-0628-WS-M
                             :
SELECT PORTFOLIO SERVICING,  :
INC., et al.,                :
                             :
    Defendants.              :

## REPORT AND RECOMMENDATION

The Motion to Remand filed by Plaintiffs (Docs. 12-13) has been referred for report and recommendation, under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2.  Diversity jurisdiction has been invoked in this Court under 28 U.S.C. § 1332.  After consideration, it is recommended that Plaintiffs' motion be granted and that this action be remanded to the Mobile County Circuit Court for all further proceedings.

The facts, very briefly, are as follows.  Plaintiffs John and Dorothy Jackson (hereinafter *the Jacksons*) are owners of real property located within Mobile County (Complaint, ¶ 1).[1]  The property is secured by a mortgage, made in August 1995, which is "serviced by Defendant Select [Portfolio Servicing, Inc.], as servicing agent for [Defendant Manufacturers and Traders Trust Company] which serves as trustee for the ContiMortgage Trust, the

---

[1] The Complaint can be found as an exhibit appended to Defendants' Notice of Removal (Doc. 1, pp. 13-17).

current holder of the mortgage" (Complaint, ¶¶ 5-6).  Though the Jacksons "have timely made the payments required under the loan and have not been in default, Select has repeatedly failed to properly credit and acknowledge payments made by Plaintiffs and has treated Plaintiffs as if they are in default;" additionally, Select has "forced placed insurance on" the Jacksons and "taken action in attempt to foreclose and has threatened foreclosure on numerous occasions" (Complaint, ¶ 7).  These actions have caused extreme worry, emotional distress and emotional anguish in Plaintiffs (*id.*).  On May 23, 2008, Plaintiffs brought this action in the Mobile County Circuit Court, asserting claims of negligence, wantonness/willfulness, and breach of mortgage; the Jackson seek compensatory and punitive damages as well as injunctive and declaratory relief (Doc. 1, ¶ 1; Complaint).

   Defendants removed the action to this Court on October 27, 2008, asserting diversity jurisdiction under 28 U.S.C. § 1332 (Doc. 1).  Plaintiffs subsequently filed a Motion to Remand this action to the State Courts (Docs. 12-13); Defendants have Responded to the Motion (Doc. 17) to which the Jacksons have Replied (Doc. 18).

   In its removal petition, Defendants allege that this Court has diversity jurisdiction under 28 U.S.C. § 1332 and that this action is removable pursuant to 28 U.S.C. § 1446(a) (Doc. 1).  In a removal action, the party asserting jurisdiction has the burden of establishing proof of jurisdiction by a preponderance of the evidence.  *McNutt v. General Motors Acceptance Corp. of Indiana,*

*Inc.*, 298 U.S. 178 (1936); *see also Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1210 (11th Cir. 2007), *cert. denied sub nom Hanna Steel Corp. v. Lowery*, 128 S.Ct. 2877 (2008). In a removal action, that burden is upon the defendant. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921). Removal is a statutory remedy which must be narrowly construed so as to limit federal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Robinson v. Quality Ins. Co.*, 633 F.Supp. 572 (S.D. Ala. 1986).

The Court notes that any civil action over which the district court would have original jurisdiction may be removed by the defendant to the district court for the district in which the action is pending. 28 U.S.C. § 1441(a). The district court has jurisdiction over actions between citizens of different states so long as all plaintiffs are diverse from all defendants, *Strawbridge v. Curtiss*, 7 U.S. 267 (1806), and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(b).

There is no apparent dispute that the parties are diverse; Plaintiffs admit as much (Doc. 13, p. 3 n.1) ("It is not disputed that there is complete diversity of citizenship among the parties"). What is disputed is whether the matter in controversy exceeds $75,000. The Jacksons argue that this jurisdictional requirement has not been proven by Defendants (Doc. 13).

Defendants candidly admit that the "Plaintiffs' Complaint does not unambiguously establish that the amount in controversy

3

exceeds $75,000 exclusive of interest and costs" (Doc. 1, ¶ 12).
Rather, Defendants point to a letter to Defendants' attorney,
dated October 15, 2008 from the Jacksons' attorney, which states
as follows:

> To follow up on our discussion, this will communicate my client's terms for settlement of the claims brought in this case.  My clients will dismiss and release all claims asserted against the defendants in exchange for the following:
>
> 1. Lump sum payment in the amount of $155,000;
>
> 2. Adjustment of the unpaid balance of the existing loan to reflect all payments made by the Jacksons and the removal of all fees, including late fees and fees related to any foreclosure-related action, which have been imposed as a result of Select's failure to credit payments;
>
> 3. Removal of all derogatory credit information from the information provided by your clients to any credit reporting agency.  The reporting should be amended to reflect that the amount is "paid as agreed" or some equivalent description and should not include any reference to any past delinquency or foreclosure action.
>
> I look forward to receiving your client's response.

(Doc. 1, p. 76).  In removing this action, Defendants asserted
that this letter satisfies the "other paper" language

contemplated by 28 U.S.C. § 1446(b)[2] as this is an "unambiguous" demand of more than the jurisdictional amount (Doc. 1, p. 5; Doc. 17, pp. 4-10).

Plaintiffs argue that the Court should reject this letter as it is only "a bare-bones statement of a settlement position, made in anticipation of further negotiations. . . . The letter does not specify the nature of the damages sought, nor does it quantify those damages. Its intent was to stake out a settlement position designed to gage the Defendants' interest in settlement" (Doc. 13, p. 6). The Jacksons specifically reference one of our sister court's rulings as support for this argument.

In *Daniel v. Nationpoint*, 2007 WL 4533121 (M.D. Ala. 2007), a couple seeking a home loan sued a financial corporation which initially offered to finance one hundred percent of the loan, but recanted and offered only ninety percent financing. After the corporation turned down the homeowners' $100,000 settlement offer, the homeowners brought action in state court; the defendants removed on the basis of diversity jurisdiction. The Court, however, granted plaintiffs' motion to remand, finding that because the complaint specified damages of only $74,999, the

---

[2] "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." 28 U.S.C. § 1446(b) (emphasis added).

defendants had not met their burden of proving that the amount in controversy was more than that.  Specifically, the Court stated:

> A settlement letter does not establish to a legal certainty that if the plaintiffs prevailed at trial they would recover more than the jurisdictional amount.  That the Daniels offered to settle the case for more than $75,000 does not establish to a legal certainty that the amount-in-controversy requirement is met."

*Daniel*, 2007 WL 4533121, at *2 (citations omitted).  While *Daniel* is instructive, the Court notes that it can be distinguished in that the Jacksons, in their Complaint, have not set out the specific amount of damages they seek (Complaint); as such, this Court must examine the facts under a different legal standard, that of a preponderance of the evidence.

*Lowery* discussed the preponderance of the evidence standard, noting its definition[3] before going on to state the following:

> Defendants must establish the jurisdictional amount by a preponderance of the evidence.  We note, however, that in situations like the present one-where damages are unspecified and only the bare pleadings are available-we are at a loss as to how to apply the preponderance burden meaningfully.  We have no evidence before us by which to make any informed assessment of the amount in

---

[3] "Specifically, the removing defendant must establish the amount in controversy by '[t]he greater weight of the evidence, . . . [a] superior evidentiary weight that, though not sufficient to free the mind wholly from all reasonable doubt, is still sufficient to incline a fair and impartial mind to one side of the issue rather than the other.'"  *Black's Law Dictionary* 1220 (8th ed. 2004).

> controversy.  All we have are the representations relating to jurisdiction in the notice of removal and the allegations of the plaintiffs' [] complaint.  As such, any attempt to engage in a preponderance of the evidence assessment at this juncture would necessarily amount to unabashed guesswork, and such speculation is frowned upon.  *See Lindsey v. Ala. Tel. Co.*, 576 F.2d 593, 595 (5th Cir.1978) (noting, in a removed class action, that "it was not open for defendants to attempt to show" the requisite amount in controversy per capita where the complaint made insufficient allegations, "[n]or was it open to the district court to speculate" on whether the jurisdictional facts existed).
> 	[W]e conclude that the removal-remand scheme set forth in 28 U.S.C. §§ 1446(b) and 1447(c) requires that a court review the propriety of removal on the basis of the removing documents.  If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction.  If not, the court must remand.  Under this approach, jurisdiction is either evident from the removing documents or remand is appropriate.

*Lowery*, 483 F.3d at 1211-12.

In this action, this Court cannot make an informed assessment of the true value of the amount in controversy.  While Defendants argue that the Jacksons' offer to settle this action for $155,000, in addition to the other specified inducements, made the question of jurisdiction a black and white issue, the Court is not persuaded.  Plaintiffs did not provide a checklist of the damages sought with a corresponding value for each harm asserted; rather, a starting price for negotiation was tendered.  For the Court to attach any more significance to the letter than

that would be to engage in guesswork and speculation.

The reasoning of *Lowery* and *Daniel* lead this Court to conclude that Defendants have not proven, by a preponderance of the evidence, that the amount in controversy in this action exceeds the jurisdictional requirement of $75,000. On that basis, this action has been improperly removed to this Court. Therefore, it is recommended that Plaintiffs' Motion to Remand (Docs 12-13) be granted and that this action be remanded to the Mobile County Circuit Court for all further proceedings.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the

    magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

    A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    **<u>Transcript (applicable where proceedings tape recorded)</u>**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    DONE this 5th day of June, 2009.


                                     <u>s/BERT W. MILLING, JR.</u>
                                     UNITED STATES MAGISTRATE JUDGE