IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JOHN JACKSON, et al.,** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 08-0628-WS-M |
| | ) |
| **SELECT PORTFOLIO SERVICING,** | ) |
| **INC., et al.,** | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the report and recommendation ("R&R") of the Magistrate Judge recommending that this case be remanded to the Circuit Court of Mobile County. (Doc. 24). The defendants have filed an objection and two briefs in support thereof, (Docs. 25, 26, 33), while the plaintiffs have filed a brief in support of the R&R. (Doc. 32). After carefully considering the foregoing, and reviewing de novo those portions of the R&R to which objection has been made, the Court concludes that the R&R is due to be adopted. The Court pauses merely to make a few additional comments.

A settlement offer can of course constitute an "other paper" within the meaning of 28 U.S.C. § 1446(b). *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213 n.62 (11th Cir. 2007). The question is whether this specific settlement demand, given all the evidence presented, established by a preponderance of that evidence that the amount in controversy exceeds $75,000. At bottom, the defendants insist that the plaintiffs' demand of $155,000 must meet this standard simply because the demand was made. The proper assessment of settlement offers is not so facile.

"While [a] settlement offer, by itself, may not be determinative, it counts for something." *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994). What it counts for, however, depends on the circumstances. Settlement offers commonly reflect

puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence.[1]  On the other hand, settlement offers that provide "specific information ... to support [the plaintiff's] claim for damages" suggest the plaintiff is "offering a reasonable assessment of the value of [his] claim" and are entitled to more weight.  *Golden Apple Management Co. v. Geac Computers, Inc.*, 990 F. Supp. 1364, 1368 (M.D. Ala. 1998).[2]  The Court has adopted this as the correct analysis,[3] and it is consistent with that used by the Magistrate Judge.[4]

The defendants describe the plaintiffs' settlement demand as "thoughtful and detailed," (Doc. 26 at 8), but it is not detailed in any way that aids removal.  The letter in question simply demands "[l]ump sum payment of $155,000," without the slightest suggestion how in the world the plaintiffs could support such a figure.  The only detail in the letter is contained in the succeeding two paragraphs, which discuss other, non-monetary relief the plaintiffs desired as well.[5]  The plaintiffs' bald demand is properly

---

[1]*Hall v. CSX Transportation, Inc.*, 2006 WL 3313682 at *3 n.5 (M.D. Ala. 2006); *Jackson v. American General Financial Services, Inc.*, 2006 WL 839092 at *2 n.2 (M.D. Ga. 2006); *Golden v. Dodge-Markham Co.*, 1 F. Supp. 2d 1360, 1364-65 (M.D. Fla. 1998); *Standridge v. Wal-Mart Stores, Inc.*, 945 F. Supp. 252, 256-57 (N.D. Ga. 1996).

[2]The demand letter in *Golden Apple*, for example, tallied up separate elements of hard damages, including software costs, consultant costs and personnel costs.  990 F. Supp. at 1368.

[3]*Mathena v. Doyle*, 2008 WL 718144 at *2 (S.D. Ala. 2008); *Ivory v. American Heritage Life Insurance Co.*, Civ. Action No. 04-0585-WS-B (Doc. 13 at 16-17); *Humphries v. Beverly Health and Rehabilitation Services, Inc.*, Civ. Action No. 04-0154-WS-M (Doc. 16 at 3-4).

[4]The defendants cite several cases they believe adopt a different standard.  (Doc. 26 at 5-8).  The defendants did not cite these cases to the Magistrate Judge or offer any explanation for not doing so.  At any rate, the Court has already adopted the test articulated in text.

[5]The defendants repeatedly stress that these aspects of the settlement demand must have additional value.  Undoubtedly so but, because the defendants have offered no non-

construed as mere posturing.

There is additional evidence to support this conclusion. Plaintiffs' counsel submitted an affidavit reflecting that he repeatedly advised the defendants and their counsel that he had inadequate information to make a realistic settlement demand and that he was throwing out a figure only to stake out a settlement posture and to see if the defendants were serious about their suggestion of mediation before he agreed to incur that considerable expense. It might be possible to reject the affidavit as unworthy of credence, but the defendants suggest no reason the Court should do so. On the contrary, the affidavit makes perfect sense and reflects precisely why the judicial skepticism of unadorned settlement demands is warranted.

The defendants argue the Court should ignore the affidavit because it constitutes impermissible post-removal evidence, but this is wrong on several grounds. First, what is prohibited are post-removal changes in the amount in controversy, not post-removal clarifications of the amount that was in controversy at the moment of removal. *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 947-49 (11th Cir. 2000). Counsel's affidavit plainly falls in the latter category. Second, although the defendants raised this argument before the Magistrate Judge, they did so only to exclude different portions of the affidavit, specifically, those having to do with counsel's lack of awareness that part of the plaintiffs' claim might be barred by their inclusion in a past class action. (Doc. 17 at 11-13). Having offered no explanation for their failure to challenge other portions of the affidavit before the Magistrate Judge, they will not be permitted to do so now. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district judge has discretion to decline to consider a party's argument when that argument was not first presented to the

---

speculative way of quantifying their value, they are irrelevant to the jurisdictional analysis. The same is true of the defendants' reliance on the mere fact the complaint demands compensatory damages, emotional distress damages, and punitive damages in unspecified amounts. *E.g., Lowery*, 483 F.3d at 1211, 1213 n.63 (ordinarily, removal based on the bare pleadings requires an impermissible resort to speculation).

magistrate judge.").[6]  Third, even had no affidavit been filed, under the cases cited above the settlement demand alone would not satisfy the defendants' burden.[7]

For the reasons set forth above, the R&R is **adopted** as the opinion of the Court. The motion to remand is **granted**.  This case is **remanded** to the Circuit Court of Mobile County.

DONE and ORDERED this 31st day of July, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[6]The *Williams* Court noted the negation of the efficiencies of referrals, and the possibility of gamesmanship, that would occur could litigants foist on district courts arguments and evidence they neglected to present to the magistrate judge.  *Id*. at 1291-92. An adequate explanation for the failure might persuade the Court to consider a tardy argument despite these concerns, but the defendants offer none.

[7]The defendants request permission to file a counter-affidavit.  (Doc. 26 at 11). They offer no good reason for having failed to present an affidavit to the Magistrate Judge, and the Court declines to allow them to do so now.  *Hammond v. Keehn*, 2009 WL 1114231 at *1 (M.D. Ala. 2009) (citing *Williams*); *Boone v. Tompkins*, 2009 WL 901476 at *1 n.1 (N.D. Ga. 2009) (same).